IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEVE DIXON,<br><br>       Plaintiff,<br><br>v.<br><br>J.S. O'CONNOR, et al.,<br><br>       Defendants. | 2:08-cv-01546-LDG<br><br>**ORDER** |

Defendants Anderson and Costales have filed a motion to dismiss (#42, opposition #60). The motion, brought pursuant to Rule 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007).

Plaintiff alleges that on October 11, 2007, defendant Costales instructed plaintiff to stop speaking to other inmates after he had been given permission by supervisor Childress to address the other inmates regarding pending prison grievances (602s). Plaintiff then expressed to Costales, "Why is everything so difficult now; thing ran smoothly before C/O O'Connor and C/O Martin were assigned to Work Change." After the meeting, Costales advised plaintiff that it was inappropriate to address the other inmates regarding the 602s, and that it amounted to "inciting." Costales also noted that plaintiff was not wearing the appropriate work shirt at the time. Plaintiff further alleges that on October 15, 2007, he was asked by defendant Anderson about, and confirmed that he stated on October 11, 2007, in front of the other inmates that there were no problems before officers O'Connor and Martin started working there. Anderson then explained that such a statement was "inciting" and directed Costales to issue a Rules Violation Report to plaintiff. At a disciplinary hearing plaintiff was found not guilty of inciting, possibly because he had been given permission by the supervisor to address the other inmates. Plaintiff was then allowed to return to work.

On May 7, 2009, a supervisor issued plaintiff a general informational chrono noting that he had committed sewing errors. Plaintiff submitted a grievance alleging retaliation by Costales. Plaintiff's grievance was ultimately denied.

In the prison context, to state a claim for retaliation, a complaint must allege：   "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled plaintiff's First Amendment rights, and (4) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The court must afford appropriate deference to prison officials when evaluating the proffered legitimate correctional reasons for the alleged

1   retaliatory conduct.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Plaintiff has the
2   burden of demonstrating that there were no legitimate correctional purposes motivating the actions
3   in question.  Id. at 808.  The prisoner must submit evidence, either direct or circumstantial, to
4   establish a link between the exercise of his constitutional rights and the alleged retaliatory action.
5   Id. at 806.
6         Under these standards, plaintiff's allegations fail to state a claim for retaliation.  Plaintiff
7   has failed to allege any facts, direct or circumstantial, that the issuance of the RVR and the
8   temporary removal of plaintiff from his job assignment pending the disciplinary hearing was in
9   any way related to the grievance that plaintiff filed against Officer O'Connor, or that those alleged
10  adverse actions resulted from anything outside of plaintiff's statements about the officers.
11  Morever, plaintiff's allegations fail to support a claim that defendants' actions did not advance a
12  legitimate penological purpose, i.e., the suppression of incitement and the control and security of
13  the prison pending the resolution of charges of rule violations against a prisoner.  Morever,
14  plaintiff's allegation regarding the informational chrono does not adequately allege an adverse
15  action, let alone allege facts which would establish a link between a denial of the exercise of
16  Constitutional rights and the alleged retaliatory action.
17        THE COURT HEREBY ORDERS that defendants  Anderson's and Costales' motion to
18  dismiss (#42) is GRANTED.
19
20  Dated this ___ day of March, 2012.
21
22                                        _____
                                          Lloyd D. George
23                                        United States District Judge
24
25
26