1
2
3
4  **IN THE UNITED STATES DISTRICT COURT**
5  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
6

| | |
|---|---|
| DANIEL STEVE DIXON,<br>    Plaintiff,<br>v.<br>J.S. O'CONNOR, et al.,<br>    Defendants. | 2:08-cv-01546-LDG<br><br>**ORDER** |

Defendants Knipp, Martel, Grannis and O'Connor have filed a motion to dismiss (#49, opposition #64, reply #67). The motion, brought pursuant to Rule 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

1  In October 2007, plaintiff worked in the Mule Creek States Prison fabric products shop.
2  On October 11, 2007, plaintiff attended a safety meeting for employees, and was given permission
3  by his supervisor Phyllis Childress to speak to a group of inmates regarding pending prison
4  grievances (602s).  Officer Costales instructed plaintiff to stop speaking to other inmates.  Plaintiff
5  then expressed to Costales, "Why is everything so difficult now; things ran smoothly before C/O
6  O'Connor and C/O Martin were assigned to Work Change."  After the meeting, Costales advised
7  plaintiff that it was inappropriate to address the other inmates regarding the 602s, and that it
8  amounted to "inciting."  Costales also noted that plaintiff was not wearing the appropriate work
9  shirt at the time.
10  Following the meeting between plaintiff and Costales, defendant O'Connor notified
11 plaintiff that he was required to wear appropriate shoes in the work shop.  Plaintiff complained to
12 Sergeant Bueno that O'Connor was retaliating against him because of a 602 he had previously
13 filed against O'Connor, and claimed that he had a medical chrono allowing him to wear the shoes.
14 Bueno instructed plaintiff to show his medical shoes and chrono to the Lieutenant on duty.  The
15 Lieutenant then directed Sergeant Bueno to advise defendant O'Connor to allow plaintiff to wear
16 the medical shoes at work.
17  Plaintiff further alleges that on October 15, 2007, he was asked by Prison Industry
18 Authority Administrator Anderson about, and confirmed that he stated on October 11, 2007, in
19 front of the other inmates that there were no problems before officers O'Connor and Martin started
20 working there.  Anderson then explained that such a statement was "inciting" and directed
21 Costales to issue a Rules Violation Report to plaintiff.  At a disciplinary hearing plaintiff was
22 found not guilty of inciting, possibly because he had been given permission by the supervisor to
23 address the other inmates.  Plaintiff was then allowed to return to work.
24  On October 26, 2009, Captain G.A. Machado issued a memorandum reiterating a
25 prohibition of any non-state issued shoes in the work place.  On November 14, 2007, defendant
26

O/Connor told plaintiff, as he arrived to work, that he was required to wear state-issued shoes to work, not the non-state issued shoes he had on. Plaintiff advised defendant O'Connor that he had a medical chrono for the shoes, but O'Connor instructed him that state issued shoes were required.

On November 27, 2007, plaintiff was interviewed by Sergeant Bueno regarding a prison grievance in which plaintiff sought, among other changes, that retaliatory actions against plaintiff be stopped. The appeal was not fully granted because no retaliation was found against plaintiff. Defendant Knipp denied the appeal at a second level, and defendant Grannis issued a director's level decision denying the appeal.

On May 7, 2009, a supervisor issued plaintiff a general informational chrono noting that he had committed sewing errors. Plaintiff submitted a grievance alleging that the chrono was issued at the direction of Costales in retaliation against plaintiff for filing the previous 602. On June 22, 2009, defendant Martel issued a memorandum finding that plaintiff's grievance did not meet the requirements to be classified as a staff complaint. On August 18, 2009, Associate Warden Fallon denied plaintiff's appeal, and on November 12, 2009, defendant Grannis denied plaintiff's appeal at the director's level. That review advised plaintiff that prison industry staff were charged with the responsibility to document performance concerns.

Liability for a civil rights violation may not be based on the theory of respondeat superior, or any other theory of vicarious liability. Monell v. Dept. of Social Services, 436 U.S. 658, 690-92 (1978). Plaintiff must allege the causal link between the supervisor and the claimed constitutional violation. Id. at 694.

Here, plaintiff has not alleged the personal involvement of defendant Knipp, Martel, or Grannis, beyond reviewing or ruling on plaintiff's appeals. Plaintiff has no cognizable constitutional claim based on defendants' alleged involvement in denying his administrative appeals in this case. Plaintiff has alleged no link between the underlying wrongful conduct upon which the grievances and appeals were based, and the review of them by defendants Knipp, Martel

1    and Grannis.  Just because these defendants did not rule in plaintiff's favor does not make them
2    liable for the alleged underlying constitutional deprivation.

3          Regarding plaintiff's allegations against defendant O'Connor, plaintiff has not alleged that
4    defendant O'Connor was aware of any substantial risk of serious harm to plaintiff if the prison
5    policy requiring the wearing of state issued shoes was enforced.  See Farmer v. Brennan, 511 U.S.
6    825, 847 (1994) (a plaintiff must allege facts sufficient to support the inference of deliberate
7    indifference, that is that the named prison official knew of, and disregarded, a substantial risk of
8    serious harm to plaintiff "by failing to take reasonsable measures to abate it").  Even if plaintiff
9    alleges that he told defendant O'Connor that he had a medical chrono for the shoes, plaintiff does
10   not allege that he in fact presented such documentation to O'Connor at the time he was denied
11   entry into the work area.  Plaintiff allegations, at most, take issue with O'Connor's strict
12   compliance with the prison regulations dealing with exceptions to prison policies.

13         Nor does plaintiff adequately state a claim of retaliation against defendant O'Connor.  In
14   the prison context, to state a claim for retaliation, a complaint must allege  "(1) an assertion that a
15   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
16   conduct and that such action (4) chilled plaintiff's First Amendment rights, and (4) the action did
17   not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-
18   68 (9th Cir. 2005).  The court must afford appropriate deference to prison officials when
19   evaluating the proffered legitimate correctional reasons for the alleged retaliatory conduct.  See
20   Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Plaintiff has the burden of demonstrating that
21   there were no legitimate correctional purposes motivating the actions in question.  Id. at 808.  The
22   prisoner must submit evidence, either direct or circumstantial, to establish a link between the
23   exercise of his constitutional rights and the alleged retaliatory action.  Id. at 806.  Here, plaintiff
24   fails to state a claim of retaliation against defendant O'Connor because O'Connor's alleged
25
26

conduct in enforcing the shoe rule and directives from prison officials advanced a legitimate penological goal.

Finally, as defendants have argued, each is entitled to qualified immunity based on plaintiff's allegations. Given the circumstances, defendants O'Connor, Knipp, Martel or Grannis, would all have believed that their conduct was lawful, in light of clearly established law.

THE COURT HEREBY ORDERS that defendants Knipp's, Martel's, Grannis' and O'Connor's motion to dismiss (#49) is GRANTED.

Dated this _30_ day of March, 2012.

_____
Lloyd D. George
United States District Judge